**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    **v.**

**CHRISTIAN ROBERT ORR,**

    **Defendant.**

Case No. 16-20009

## **MEMORANDUM & ORDER**

This matter comes before the court upon defendant Christian Robert Orr's Motion to Clarify Sentence. (Doc. 42.) Defendant asks the court to clarify whether his current federal sentence for violating his supervised release was to run consecutively or concurrently to a state sentence he received in Miami County, Kansas, Case Number 2017-CR-0140.

**I.    Background**

On November 16, 2017, the Miami County Court sentenced defendant to eleven months imprisonment with twelve months supervised release. (Doc. 42, at 5.) The Miami County Court specified that the sentence was to run concurrent to any sentence imposed in this case. (*Id.*)

On January 12, 2018, this court entered a revocation judgment, sentencing defendant to nine months imprisonment to be followed by two years of supervised release. (Doc. 40.) The court did not specify whether defendant's term of imprisonment was to be served consecutively or concurrently to his Miami County convictions. The court did note that defendant's term of supervised release was to be served concurrently to any term of post-release supervision imposed in defendant's Miami County case.

**II.    Legal Standards**

    **A.  Pro Se Litigants**

-1-

Where a party proceeds pro se, the court construes his or her filings liberally and holds them to less stringent standards than pleadings filed by lawyers. *Barnett v. Corr. Corp of Am.*, 441 F. App'x 600, 601 (10th Cir. 2011). Pro se parties are nevertheless required to follow the Federal and Local Rules of practice and the court does not assume the role of advocating for pro se parties. *United States v. Porath*, 553 F. App'x 802, 803 (10th Cir. 2014).

### B. Consecutive and Concurrent Sentences

"[W]hether a defendant's federal sentence would run consecutively to his state sentence is a federal matter which cannot be overridden by a state court provision for concurrent sentencing on a subsequently-obtained state conviction." *United States v. Eccleston*, 521 F.3d 1249, 1254 (10th Cir. 2008) (quoting *Bloomgren v. Belaski*, 948 F.2d 688, 691 (10th Cir. 1991)). 18 U.S.C. § 3584(a) provides:

> If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times *run consecutively unless the court orders that the terms are to run concurrently*.

§ 3584(a) (emphasis added).

### III. Discussion

It is true that this court imposed defendant's term of imprisonment at a different time than the Miami County Court imposed its term of imprisonment. But Section 3584(a)'s application to state sentences is not clear. *See Abdul-Malik v. Hawk-Sawyer*, 403 F.3d 72, 74 (2d Cir. 2005) (discussing that there is a circuit split about whether federal courts have authority to dictate whether a federal sentence is to run concurrently or consecutively to a yet-to-be-imposed state sentence). The court finds that it need not decide whether the previous Miami County Court's decision to have the sentences run concurrently required this court to require defendant's term of imprisonment to run concurrently to his

-2-

state court term.  Likewise, the court need not address whether if this court had ruled first, the state court would be bound by whatever decision this court made about concurrent or consecutive terms.  The court is inclined to believe that such decisions, if binding, would interfere with traditional notions of federalism—it seems that it would impede on the sovereignty of state and federal government.

But as mentioned above, the court need not decide this issue, because defendant is currently imprisoned at MCFP Springfield.  His current release date on the Federal Bureau of Prisons website is February 20, 2019.  When defendant is released from custody, his federal term will be complete except for his term of supervised release, which the court ordered to be served concurrent to any state term of post-release supervision.  It is within the state court's purview to determine whether defendant has satisfied his state ordered term of imprisonment.  Defendant's motion is therefore denied as moot.

**IT IS THEREFORE ORDERED** that defendant's Motion to Clarify Sentence (Doc. 42) is denied as moot.

Dated August 7, 2018, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**