# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    v.

**CHRISTIAN ROBERT ORR,**

    **Defendant.**

Case No. 16-CR-20009-JAR

## ORDER

This matter is before the Court on Defendant Christian Robert Orr's Motion for Reconsideration of Sentence (Doc. 65). On May 18, 2020, the Court revoked Orr's supervised release term and imposed a sentence of twelve months and one day, with no supervision to follow. Orr asks this Court to reconsider its decision. For the reasons set forth below, the Court denies Orr's motion.

**I.   Background**

On March 30, 2016, Orr pled guilty to one count of unlawful possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) before Judge Carlos Murguia.[1] On June 29, 2016, Orr was sentenced to an eighteen-month term of imprisonment followed by a three-year term of supervised release.[2] Judge Murguia, however, revoked Orr's term of supervised release on January 8, 2018 because Orr violated its conditions.[3] Judge Murguia sentenced Orr to a nine-month term of imprisonment followed by two years of supervised

---

[1] Doc. 17.

[2] Doc. 22.

[3] Doc. 40.

release.[4] On May 18, 2020, after his case was reassigned to Chief Judge Julie Robinson, Orr's term of supervised release was again revoked and he was sentenced to an imprisonment term of twelve months and one day, with no supervision to follow.[5] Orr is currently incarcerated at CoreCivic Detention Facility in Leavenworth, Kansas, known as the Leavenworth Detention Center ("LDC"). He is scheduled to be released in December 2020.

On September 11, 2020, Orr filed a motion requesting a reconsideration of his sentence in light of "unique circumstances."[6] Orr argues that "he is being forced to serve day for day with no good time his entire sentence" because he is unable to communicate with his unit team about halfway house placement or home confinement.[7] He also argues that the suspension of all social visitation in response to the COVID-19 pandemic "is causing unnecessary strain" on his relationships with his ill mother and his pregnant partner.[8] Orr asserts that release is appropriate because the "next few months . . . could be better put to use working and putting money in savings towards his soon to be new family member."[9] Orr also wishes to assist in the care of his mother. Orr asks that the Court release him from prison and asserts that he will "participate in the house arrest program if need be."[10]

Under Standing Order 19-1, the Federal Public Defender ("FPD") was appointed to represent indigent defendants who may qualify to seek compassionate release under section 603(b) of the First Step Act. That Order was supplemented by Administrative Order 20-8, which

---

[4] *Id.*

[5] Doc. 64.

[6] Doc. 65 at 1.

[7] *Id.*

[8] *Id.*

[9] *Id.* at 2.

[10] *Id.*

2

established procedures to address motions brought on grounds related to the COVID-19 pandemic. Under that Order, the FPD shall notify the court within fifteen days of any pro se individual filing a compassionate release motion whether it intends to enter an appearance on behalf of the defendant, or whether it seeks additional time to make such determination. The time to do so has expired, and the FPD has not entered an appearance or sought additional time in this case. Accordingly, Orr's motion proceeds pro se, and the Court liberally construes his filing as a motion requesting compassionate release.

## II.     Legal Standard

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so.[11] 18 U.S.C. § 3582(c) permits a court to modify a term of imprisonment for compassionate release only if certain exceptions apply. Until recently, these exceptions required the Director of the Bureau of Prisons ("BOP") to move on a defendant's behalf. In 2018, however, the First Step Act amended the compassionate release statute, empowering a defendant to request compassionate release for "extraordinary and compelling reasons."[12] But a defendant may file a motion for compassionate release only after they have "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[13] Unless a defendant meets this exhaustion requirement, the court lacks jurisdiction to modify the sentence or grant relief.[14]

---

[11] 18 U.S.C. § 3582(c); *United States v. White*, 765 F.3d 1240, 1244 (10th Cir. 2014) (quoting *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996)).

[12] First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

[13] 18 U.S.C. § 3582(c)(1)(A).

[14] *United States v. Johnson*, 766 F. App'x 648, 650 (10th Cir. 2019) (holding that without an express statutory authorization, a court lacks jurisdiction to modify a sentence); *see also United States v. Walker*, No. 13-10051-EFM, 2020 WL 2101369, at *2 (D. Kan. May 1, 2020) ("The administrative exhaustion requirement is

3

**III.     Discussion**

In this case, Orr makes no reference to any attempts to seek or exhaust his administrative remedies.  He indicates neither that he requested the BOP Director to bring a motion on his behalf nor that he requested compassionate release from the warden at LDC and thirty days have passed since making the request.  Because neither condition of § 3582(c) is met, this Court lacks jurisdiction over Orr's motion.

Given the Court's conclusion that Orr has not exhausted his administrative remedies and it consequently does not have jurisdiction over his motion, it does not decide whether he has established "extraordinary and compelling" reasons for his release because the Court "may not take action where it lacks statutory authorization to do so."[15]

To the extent Orr alleges a denial of good time credits, a 28 U.S.C. § 2241 habeas petition is the proper vehicle for Orr to seek relief.[16]  A § 2241 petition "attacks the execution of a sentence rather than its validity."[17]  In other words, it challenges "the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement."[18]  Before filing a § 2241 petition, however, defendants must first exhaust their

---

jurisdictional and cannot be waived."); *United States v. Read-Forbes*, --- F. Supp. 3d. ---, 2020 WL 1888856, at *3–4 (D. Kan. Apr. 16, 2020) (analyzing the text, context, and historical treatment of § 3582(c)'s subsections to determine the exhaustion requirement is jurisdictional).  *Cf. United States v. Younger*, No. 16-40012-DDC, 2020 WL 3429490, at *3 (D. Kan. June 23, 2020) (reasoning that, absent direct guidance from the Tenth Circuit, the Sixth Circuit's approach articulated in *United States v. Alam*, 960 F.3d 831 (6th Cir. 2020), is "highly persuasive," and concluding that § 3582(c)(1)(A)'s exhaustion requirement is a claims-processing rule).

[15] *United Stats v. Perry*, No. 18-CR-00480-PAB, 2020 WL 1676773, at *2 n.2 (D. Colo. Apr. 3, 2020).

[16] *See United States v. Furman*, 112 F.3d 435, 438 (10th Cir. 1997) (finding that claims concerning good time credits "should be brought . . . under 28 U.S.C. § 2241").

[17] *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011) (quoting *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996)).

[18] *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) (quoting *Rhodes v. Hannigan*, 12 F.3d 989, 991 (10th Cir. 1993)).

administrative remedies.[19]  To the extent that Orr brings a motion pursuant to § 2241, Orr makes no indication that he has exhausted his administrative remedies provided by the BOP.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion for Reconsideration of Sentence (Doc. 65) is **dismissed for lack of jurisdiction**.

**IT IS SO ORDERED.**

Dated: September 29, 2020

 S/ Julie A. Robinson
 JULIE A. ROBINSON
 CHIEF UNITED STATES DISTRICT JUDGE

---

[19] *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam) ("[J]udicial intervention is usually deferred until administrative remedies have been exhausted."); *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010) ("The exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief, although we recognize that the statute itself does not expressly contain such a requirement.").